IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZWANENBERG FOOD GROUP (USA) INC., <br><br> Plaintiff, <br><br> v. <br><br> TYSON REFRIGERATED PROCESSED MEATS, INC. <br><br> Defendant. | Civil Action No. 1:08-329 SLR |

## REPLY TO COUNTERCLAIM

Plaintiff Zwanenberg Food Group (USA) Inc. ("Zwanenberg"), by its attorneys, Morrison Cohen LLP, as and for its reply to Defendant Tyson Refrigerated Processed Meats, Inc.'s ("Tyson") Answer and Counterclaims, dated July 8, 2008 (the "Counterclaim"), alleges as follows:

### THE PARTIES

1. Zwanenberg admits the allegations contained in paragraph 1 of the Counterclaim.

2. Zwanenberg admits the allegations contained in paragraph 2 of the Counterclaim.

### JURISDICTION AND VENUE

3. Zwanenberg admits the allegations contained in paragraph 3 of the Counterclaim.

4. Zwanenberg admits the allegations contained in paragraph 4 of the Counterclaim.

{BAY:01093706v1}

5. Zwanenberg admits the allegations contained in paragraph 5 of the Counterclaim.

6. Zwanenberg admits the allegations contained in paragraph 6 of the Counterclaim.

## FACTS

7. Zwanenberg admits the allegations contained in paragraph 7 of the Counterclaim.

8. Zwanenberg denies the allegations contained in paragraph 8 of the Counterclaim but admits that Dollar General Corporation and Castleberry/Bumblebee Seafood raised no issue regarding the transfer of the Assets from Tyson to ZFG.

9. Zwanenberg denies the allegations contained in paragraph 9 of the Counterclaim.

10. Zwanenberg admits the allegations contained in paragraph 10 of the Counterclaim.

11. Zwanenberg denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Counterclaim except admits that Wal-Mart tested the canned luncheon meat products manufactured by ZFG.

12. Zwanenberg denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Counterclaim except admits that Wal-Mart assigned ZFG a vendor number that was never activated by Wal-Mart.

13. Zwanenberg denies the allegations contained in paragraph 13 of the Counterclaim except admits that Tyson told ZFG to contact Wal-Mart directly after Wal-Mart

decided to make a vendor change.

14. Zwanenberg denies the allegations contained in paragraph 14 of the Counterclaim.

15. Zwanenberg denies the allegations contained in paragraph 15 of the Counterclaim except admits that Tyson took orders for luncheon meat products from Wal-Mart and related those orders to ZFG.

## COUNT 1 – BREACH OF CONTRACT

16. Zwanenberg admits the allegations contained in paragraph 16 of the Counterclaim.

17. Zwanenberg denies the allegations contained in paragraph 17 of the Counterclaim, except admits that under Section 1.2 of the APA, the Purchase Price for the asset consisted of a Closing Payment of $2,543,560.08 and a Transition Payment of $500,000 provided certain conditions precedent had been met.

18. Zwanenberg denies the allegations contained in paragraph 18 of the Counterclaim.

19. Zwanenberg denies the allegations contained in paragraph 19 of the Counterclaim.

20. Zwanenberg denies the allegations contained in paragraph 20 of the Counterclaim.

21. Zwanenberg denies the allegations contained in paragraph 21 of the Counterclaim.

22. Zwanenberg admits the allegations contained in paragraph 22 of the

Complaint.

23.  Zwanenberg denies the allegations contained in paragraph 23 of the Counterclaim.

### FIRST AFFIRMATIVE DEFENSE

24.  Tyson's Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

25.  Tyson's Counterclaim is barred for failure to satisfy conditions precedent and/or Tyson's obligations under the terms of the APA.

### THIRD AFFIRMATIVE DEFENSE

26.  Tyson's Counterclaim is barred to the extent it seeks to impose duties or obligations upon Zwanenberg that are not required under the terms of the APA.

### FOURTH AFFIRMATIVE DEFENSE

27.  Tyson's Counterclaim is offset, in whole or in part, by amounts due to Zwanenberg under the terms of the APA.

### FIFTH AFFIRMATIVE DEFENSE

28.  Tyson's Counterclaim, is barred, in whole or in part, by Tyson's failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

29.  Tyson's Counterclaim is barred due to lack or failure of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

30.  Tyson's Counterclaim is barred, in whole or in part, by the doctrines of

estoppel, waiver, unclean hands, and/or inequitable conduct.

WHEREFORE, Zwanenberg demands judgment as follows:

a) Dismissing the Counterclaim against Zwanenberg in its entirety; and

b) For such other and further relief as this court may deem just and proper, together with costs, disbursements and attorney's fees of this action.

BAYARD, P.A.

/s/ Peter B. Ladig (pl3513)
Peter B. Ladig (pl3513)
Kara M. Swasey (ks5114)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
pladig@bayardlaw.com
kswasey@bayardlaw.com

Dated: August 4, 2008                    *Attorneys for Plaintiff*

{BAY:01093706v1}

5

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 4, 2008, she electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

W. Harding Drane, Jr. (#1023)
Jennifer C. Wasson (#4933)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

*Kara M. Swasey*
Kara M. Swasey (#5114)

{BAY:01093862v1}